# United States Bankruptcy Court

## District of Massachusetts

| | |
|---|---|
| In re:<br><br>AILEEN J. RODRIGUEZ,<br><br>Debtor. | Chapter 13<br><br>Case No. 05-46189-HJB |
| In re:<br><br>JOAN KELLER,<br><br>Debtor. | Chapter 7<br><br>Case No. 05-51026-HJB |
| In re:<br><br>YONG S. SCHELL,<br><br>Debtor. | Chapter 7<br><br>Case No. 05-51033-HJB |
| In re:<br><br>JASON E. LEWIS,<br><br>Debtor. | Chapter 7<br><br>Case No. 05-51035-HJB |
| In re:<br><br>LYNN M. RUBNER,<br><br>Debtor. | Chapter 7<br><br>Case No. 05-51038-HJB |
| In re:<br><br>MELISSA NESTOR,<br><br>Debtor. | Chapter 7<br><br>Case No. 05-51040-HJB |



|                          |   |                        |
|--------------------------|---|------------------------|
| In re:                   | ) |                        |
|                          | ) | Chapter 7              |
| DAVID W. SULLIVAN,       | ) |                        |
|                          | ) | Case No. 05-51041-HJB  |
| Debtor.                  | ) |                        |
|                          | ) |                        |
| In re:                   | ) |                        |
|                          | ) | Chapter 7              |
| CHRISTOPHER L. PATON,    | ) |                        |
|                          | ) | Case No. 05-51042-HJB  |
| Debtor.                  | ) |                        |
|                          | ) |                        |
| In re:                   | ) |                        |
|                          | ) | Chapter 13             |
| MATTIE B. ROBBINS,       | ) |                        |
|                          | ) | Case No. 05-60027-HJB  |
| Debtor.                  | ) |                        |

## MEMORANDUM OF DECISION

### A.   Background

After a history and pattern of cases in which Attorney Michael A. Fitz ("Attorney Fitz") has been criticized and/or sanctioned by this Court on account of his failure to properly represent consumer debtors,[1] this Court now considers similar occurrences in each of the

---

[1] These cases include, but are surely not limited to: a) In re Hardaker, Chapter 13 Case No. 04-42828 (Attorney Fitz failed to timely respond to the Chapter 13 trustee's motion to dismiss, case was dismissed, and Attorney Fitz filed an unsuccessful motion to vacate over 30 days after dismissal and after case had been closed); b) In re Till, Chapter 13 Case No. 04-42831 (Attorney Fitz failed to timely respond to motion seeking relief from stay, and was later found in contempt of court when he failed to timely disgorge his fees or certify to the Court that he had done so); c) In re Deprey, Chapter 13 Case No. 04-44593 (Attorney Fitz failed to file amended plan and amended Schedule C until four months after court-ordered deadline, and then with insufficient service); d) In re Anderson, Chapter 13 Case No. 04-47344 (Attorney Fitz failed to timely comply with order to file amended plan, failed to comply with order compelling him to file fee application or disgorge fees, and was found in civil contempt after failing to appear at hearing thereon); and e) In re Fenty, Chapter 13 Case No. 05-41543 (Attorney Fitz failed to properly serve the Chapter 13 plan, the case was dismissed, and Attorney Fitz filed a motion to vacate the dismissal and then failed to appear

2

above-captioned nine (9) cases. In each of the above captioned cases, other than the Robbins case: (a) Attorney Fitz has served as counsel to the debtor(s); (b) Attorney Fitz filed only a skeletal petition; (c) the Clerk's Office issued an Order to Update, requiring bankruptcy schedules, statements, disclosures, agreements and/or a Chapter 13 plan to be filed by a date certain;[2] and (d) Attorney Fitz failed to timely comply with the Order to Update and failed to file a motion seeking an enlargement of time in order to do so. In the Robbins case, Attorney Fitz failed to timely comply with the requirement to file the certificate of credit counseling, as mandated by Section 109(h) of the Bankruptcy Code.

By failing to comply with an Order to Update, a debtor risks dismissal of the case (as noted in all Orders to Update) and faces significant obstacles to the filing of a new case. See, 11 U.S.C. §§ 109(g), 362(b)(21), and 362(c)(3). Each of these cases was on the verge of dismissal on account of Attorney Fitz's *inaction*. Accordingly, and with the history of its previous orders with respect to Attorney Fitz very much in mind, this Court, on November 10, 2005, ordered Attorney Fitz, pursuant to 11 U.S.C. § 329(a) and (b), 11 U.S.C. § 105(a), and Massachusetts Local Bankruptcy Rule ("MLBR") 13-7(b), to show cause at an evidentiary hearing set for December 8, 2005[3] in Springfield, Massachusetts, why:

1. the above-captioned cases should not be dismissed for failure to comply with the respective Orders to Update;

---

at the hearing thereon).

[2] In the Rodriguez matter, the documents were due on or before September 26, 2005; in each of the other matters, other than the Robbins case, the documents were due on or before November 7, 2005. In the Robbins case, the certificate of credit counseling was due on or before November 7, 2005.

[3] The hearing on the Order to Show Cause in the Robbins case was set for December 14, 2005. But, at Attorney Fitz's request, that case has been included herein without further hearing.

3

2. all compensation to Attorney Fitz, on account of his representation of the debtors herein, should not be disallowed and compensation already received disgorged; and

3. the Court should not order Attorney Fitz to:

    a. file, within 120 days of the date of this Court's order, a fee application in each <u>pending</u> Chapter 7 and 13 case in the District of Massachusetts in which he seeks <u>further</u> compensation from a debtor or a <u>further</u> distribution from a Chapter 13 trustee, said fee application(s) to be filed before the bankruptcy judge assigned to each such case; and

    b. until further order of this Court, deposit any fee <u>hereafter</u> received from any Chapter 7 or 13 debtor in the District of Massachusetts in his client trust account and refrain from disbursing those funds until a fee application permitting such disbursement is granted by the bankruptcy judge assigned to such case.

Attorney Fitz appeared at the December 8 hearing and testified under oath. He conceded his failure to represent the Debtors adequately. In response to questions posed by counsel to the United States trustee, he also testified with respect to what amounts he had received in payment in each of the Debtor's cases.[4] In so testifying, Attorney Fitz agreed to disgorge those payments received, net of filing fees and the cost of credit reports. And he promised to no longer accept bankruptcy cases in the District of Massachusetts, an offer which the Court gratefully accepted.

---

[4] Only two of the debtors, Lynn Rubner and Christopher Paton, were in the courtroom. Each informed the Court that he/she had paid Attorney Fitz amounts in excess of the sums that Attorney Fitz had just testified to have received from each. In each instance, Attorney Fitz quickly recanted. Also, in response to Mr. Fitz's early statements that he had made some small efforts to contact his clients to produce the missing documentation, each indicated that he/she had never been contacted. Attorney Fitz did not protest. In light of these exchanges, this Court can not find any of Attorney Fitz's testimony credible and will require verification as set forth below.

Case 05-46189    Doc 17    Filed 12/19/05    Entered 12/23/05 10:41:28    Desc Main
                                    Document    Page 5 of 6


**B. Discussion and Court Order**

There is no need to belabor the point. "Clients come to attorneys for a service. Where the service is not provided, or provided poorly, they should not be required to pay for the service, regardless of the validity of the excuse offered." In re LaFrance, 311 B.R. 1, 25 (Bankr. D. Mass. 2004). Accordingly, this Court will order Attorney Fitz to:

1. pay, on or before December 30, 2005, the following amounts:[5]

    a. to Aileen J. Rodriguez, the sum of $2,306.00;
    b. to Jason E. Lewis, the sum of $751.00;
    c. to Lynn M. Rubner, the sum of $551.00;
    d. to Melissa Nestor, the sum of $451.00;
    e. to David W. Sullivan, the sum of $751.00; and
    f. to Christopher L. Paton, the sum of $781.00;

2. file, on or before January 6, 2006, a certification, under the pains and penalties of perjury, that the payments required in paragraph 1 were made and when, with an attached copy of the applicable check;

3. pay on or before January 13, 2006, to Mattie B. Robbins the sum of $2,306.00;

4. file, on or before January 20, 2006, a certification, under the pains and penalties of perjury, that the payment required in paragraph 3 was made and when, with an attached copy of the applicable check;

5. produce to the United States trustee, on or before January 6, 2006, copies of all checks, payment advices, deposit slips, ledger entries, and all other evidence of payments received at any time from the above-captioned debtors;[6]

6. continue to represent each of the above-captioned debtors zealously, in conformance with the Massachusetts Rules of Professional Conduct, and

---

[5] Each of these sums, as well as the sum to be paid to Mattie Robbins, are subject to increase after further verification as set forth below. Attorney Fitz testified that he represented Joan Keller and Yong S. Schell *pro bono*. This is subject to verification as well.

[6] In light of the fact that Attorney Fitz has agreed to accept no further bankruptcy cases in this District, the Court need not consider its suggested order to suspend MLBR 13-7 and require client escrow accounts and fee applications in all future cases in which Attorney Fitz serves as counsel. Should Attorney Fitz reconsider, this Court reserves the right to do the same.

without compensation, until the earliest of: a) the closing of the case; b) a letter from the debtor terminating Attorney Fitz's services; or c) a further order of this Court; and

7. personally appear at a status conference before the Court on January 23, 2006 at 9:00 a.m. with respect to the status of his compliance with the terms of this Order.[7] The Court also requests the appearance of counsel to the United States trustee and counsel to the Chapter 13 trustee, in person or telephonically, at said status conference.

DATED:    December 19, 2005

_____
Henry J. Boroff
United States Bankruptcy Judge

cc:    Debtors
Denise M. Pappalardo, Chapter 13 Trustee
Richard King, Assistant United States Trustee

---

[7] The Court dockets reflect that documents remain due in the Rodriguez and Robbins cases.

6